21-2975
*Martinez v. Hasper*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10ᵗʰ day of July, two thousand twenty-three.

PRESENT:

> RICHARD C. WESLEY,
> RICHARD J. SULLIVAN,
> JOSEPH F. BIANCO,
> > *Circuit Judges.*

_____

RAYMOND MARTINEZ, as Administrator for the Estate of Robert Ortiz,

> *Plaintiff-Appellant,*

> v.                                                                No. 21-2975

P.O. JAMES HASPER, Shield No. 23680, individually and in his Official Capacity, CITY OF NEW YORK,

> *Defendants-Appellees.*\*

_____

---

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

**For Plaintiff-Appellant:**  JACOB LOUP, Law Offices of Joel B. Rudin, P.C., New York, NY (Joel B. Rudin, Law Offices of Joel B. Rudin, P.C., New York, NY, Jon L. Norinsberg, Norinsberg Law, New York, NY, *on the brief*).

**For Defendant-Appellee James Hasper:**  DOUGLAS LABARBERA (Mitchell Garber, *on the brief*) Worth, Longworth & London, LLP, New York, NY.

**For Defendant-Appellee City of New York:**  LORENZO DI SILVIO (Richard Dearing, Elina Druker, *on the brief*), *for* Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Eric R. Komitee, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part, **VACATED** in part, and the case is **REMANDED** for further proceedings consistent with this order.

Robert Ortiz appeals from the district court's grant of summary judgment in favor of Officer James Hasper and the City of New York (the "City"), relating to

a police shooting that ended Ortiz's car chase with the police.[1]  Following the incident, Ortiz brought this action under federal and state law.  He asserted a claim pursuant to 42 U.S.C. § 1983, alleging that Hasper violated his Fourth Amendment rights by using excessive force.[2]  Ortiz also alleged that the shooting constituted a battery under New York law, for which Hasper was directly liable and the City was vicariously liable under a theory of respondeat superior.  We review the district court's grant of summary judgment de novo and construe the record evidence in favor of Ortiz, the nonmovant.  *See Tiffany & Co. v. Costco Wholesale Corp.*, 971 F.3d 74, 83 (2d Cir. 2020).  Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate only if "no reasonable jury could return a verdict for the nonmoving party."  *Id.*  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

The undisputed facts, including videos of the incident taken in real time, show that by the time Hasper joined the chase, Ortiz was driving down a busy

---

[1] After filing suit, Robert Ortiz passed away from causes unrelated to the injuries he sustained in connection with the shooting, and his personal representative, Raymond Martinez, was substituted as a party under Rule 25(a)(1) of the Federal Rules of Civil Procedure.  In this order, we refer to the Plaintiff-Appellant as "Ortiz."

[2] Ortiz's complaint also included section 1983 claims based on malicious prosecution, denial of the right to a fair trial, and abuse of process, but he voluntarily dismissed those claims in July 2020.

street with police officers in pursuit. J. App'x at 76. After being blocked by traffic in front of him, Ortiz abruptly put his Chevrolet Suburban into reverse and rammed a police cruiser behind him, as the officer was exiting the cruiser. While officers commanded Ortiz to stop, Ortiz switched gears and hit the vehicle directly in front of him – occupied by a woman and her two-year-old child – causing it to crash into a car parked along the street. Only after these two collisions did Hasper fire a single shot, striking Ortiz. Based on this series of events, Ortiz brought claims against Hasper and the City.

We first turn to Ortiz's section 1983 excessive force claim. To succeed on this claim, Ortiz must demonstrate that the "particular use of force" was objectively unreasonable "in light of the facts and circumstances confronting" the officers at the scene. *Graham v. Connor*, 490 U.S. 386, 396–97 (1989). This inquiry demands "a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396 (internal quotation marks omitted). Where, as here, the use of deadly force is at issue, the officer must have "probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others." *O'Bert ex rel. O'Bert v. Vargo*, 331 F.3d 29,

4

36 (2d Cir. 2003). Because Ortiz's claim arises from an encounter with the police, Hasper is entitled to qualified immunity unless he "[1] violated a statutory or constitutional right that [2] was clearly established at the time of the challenged conduct." *Reichle v. Howards*, 566 U.S. 658, 664 (2012). We may consider the two prongs of the qualified immunity analysis in either order. *See Dixon v. von Blanckensee*, 994 F.3d 95, 104 (2d Cir. 2021). If either prong is not satisfied, the defendant is entitled to a judgment based on that defense. *See id.*

Here, we resolve the case on the clearly-established prong. With respect to this requirement, the "contours of the right must be sufficiently clear [such] that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). While a prior case need not be "directly on point, . . . existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). In determining whether a right is clearly established at the time of the conduct in question, we consider Supreme Court decisions and our own decisions, as well as "a consensus of cases of persuasive authority such that a reasonable officer could not have believed that his actions were lawful." *Wilson v. Layne*, 526 U.S. 603, 617 (1999).

5

Guided by these standards, we agree with the district court that, in July 2014, it was not clearly established that shooting a fleeing motorist endeavoring to evade capture during a car chase that endangered officers and pedestrians nearby amounted to excessive force. Indeed, prior to the shooting, the Supreme Court had never "found the use of deadly force in connection with a dangerous car chase to violate the Fourth Amendment, let alone to be a basis for denying qualified immunity." *Mullenix v. Luna*, 577 U.S. 7, 15 (2015).

The prevailing law in this Circuit likewise would not have alerted Hasper that his conduct was unlawful. In arguing otherwise, Ortiz relies principally on *Cowan ex rel. Cooper v. Breen*, which denied qualified immunity to an officer who shot twice – once from forty-four feet, once from eleven feet – at a vehicle that was "traveling quite slowly . . . and may not even have been moving at all." 352 F.3d 756, 759 (2d Cir. 2003). But *Cowan* says nothing about whether, by shooting Ortiz, who had just hit two cars and was driving erratically within feet of police officers and pedestrians, Officer Hasper used excessive force.

Ortiz also relies on *Jones v. Treubig*, 963 F.3d 214 (2d Cir. 2020). But that case is no more helpful. There, we denied qualified immunity to an officer who had tased a suspect whose arms were "sprayed out" on the ground and who was "no

longer resisting arrest." *Jones*, 963 F.3d at 230 (internal quotation marks omitted).

Ortiz contends that the presence of several officers in *Jones* gave rise to the "reasonable inference" that the suspect could have been apprehended without the use of force. *Id.* at 230 n.9. That was not the case here, however, given that, at the time of the shooting, Ortiz was still behind the wheel of his Suburban with the engine running. Unlike the defendants in *Jones*, the officers on the scene here had no ability to stop Ortiz from trying, once again, to ram his way through traffic and drive away from pursuing police officers.

The out-of-circuit cases cited by Ortiz are likewise unavailing, since they are factually distinguishable. Unlike those cases, here the indisputable video evidence makes plain that Ortiz's conduct placed officers and other individuals nearby at risk of serious physical injury or death. In the seconds before Hasper pulled the trigger, people in Ortiz's direct path can be seen running away as Ortiz accelerated in their direction. Police officers were standing within feet of Ortiz's vehicle, and the car Ortiz had just rammed was still directly in front of him. No clearly established law required Hasper to wait for actual injuries to occur before firing his weapon.

Ortiz next argues that Hasper admitted to violating provisions of the New York Police Department Patrol Guide, which prohibits officers from firing at "moving vehicle[s] unless deadly physical force is being used against [a] member of the service or another person present, *by means other than a moving vehicle*." J. App'x at 211 n.2 (emphasis added). But while police policies are relevant to the Fourth Amendment inquiry, they do not define what is reasonable under the Fourth Amendment. *See Brown v. City of New York*, 862 F.3d 182, 192 (2d Cir. 2017) (affirming grant of qualified immunity even though officer's conduct violated the New York Police Department Patrol Guide). And while it is true that the New York Police Department Patrol Guide directs officers to refrain from shooting into moving vehicles when the threat of deadly force stems from the vehicle alone, it was, at minimum, not clearly established that the Fourth Amendment includes such a requirement. *See, e.g.*, *Plumhoff v. Rickard*, 572 U.S. 765, 776–77 (2014) (finding no Fourth Amendment violation where police shot at fleeing suspect to end car chase).

Put differently, the Patrol Guide policy – while no doubt well-intended and probably even wise in a densely populated city like New York – in no way alters the constitutional standard for the use of deadly force, which requires only that

8

the officer have "probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others." *O'Bert*, 331 F.3d at 36. Based on the undisputed evidence, we cannot say that Hasper "violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Reichle*, 566 U.S. at 664.

We also affirm the district court's exercise of supplemental jurisdiction, and dismissal of, Ortiz's state-law battery claim against Hasper. We review the district court's decision to exercise such jurisdiction for abuse of discretion. *See Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003). While the district court here did not explicitly engage in a supplemental-jurisdiction analysis, it is clear that it had already invested substantial effort in this case and that the battery claim presented no "novel or unsettled issues of state law." *Mauro v. S. New England Telecomms., Inc.*, 208 F.3d 384, 388 (2d Cir. 2000). We therefore conclude that the district court's decision to adjudicate the state-law claim on the merits was entirely appropriate.

Turning to the merits of that claim, we agree with the district court that Hasper was entitled to immunity under New York law, which requires him to prove that his conduct was both objectively and subjectively reasonable. *See Triolo*

9

*v. Nassau County*, 24 F.4th 98, 109 (2d Cir. 2022). For the reasons explained above, Hasper's belief that he had probable cause to use lethal force was not "objectively unreasonable and could have produced different acceptable results." *Id.*[3] Similarly, absent any evidence to the contrary, Hasper's testimony that he feared for his safety and for the safety of others demonstrates that his conduct was not made in bad faith. *See* J. App'x at 165 ("I was in fear for my safety. I was in fear for the safety of others, the other police officers, the other civilians that were in the area."). Accordingly, Hasper is entitled to immunity under New York law.

Finally, as to the battery claim against the City, we remand to the district court with instructions to dismiss the claim *without prejudice*. Shortly after the district court issued its decision and dismissed the claim against the City, we held that government entities can be held liable where, as here, the predicate claim against the government official has been dismissed on non-merits grounds such as qualified immunity. *See Triolo*, 24 F.4th at 110–11. In light of this change in law,

---

[3] That Hasper's conduct was not, for purposes of the New York qualified immunity analysis, objectively unreasonable does not resolve the Fourth Amendment reasonableness inquiry, a question which, given Hasper's entitlement to federal qualified immunity, we do not resolve. These analyses are discrete; "'the distinction between reasonableness as a component of a Fourth Amendment violation and reasonableness as a component of an immunity defense' results in a situation where 'an officer is protected in some circumstances even when he mistakenly concludes that probable cause is present when he reasonably believes that a reasonably prudent police officer would have acted even though a reasonably prudent police officer would not have acted.'" *Triolo*, 24 F.4th at 108 n.7 (quoting *Oliveira v. Mayer*, 23 F.3d 642, 649 (2d Cir. 1994)).

and the novel questions presented by the sole remaining battery claim against the City, the most prudent course is to dismiss the claim without prejudice to refile in state court. *See Brzak v. United Nations*, 597 F.3d 107, 113–14 (2d Cir. 2010) (explaining that where, as here, the "plaintiff's federal claims are dismissed before trial, the state claims should be dismissed as well" (internal quotation marks omitted)).

Accordingly, we **AFFIRM** the district court's dismissal of the federal and state-law claims against Hasper, **VACATE** its dismissal of the state-law claim against the City, and **REMAND** for proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11